NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—May, 1887.

MATTER OF MUSGRAVE.

*In the matter of the estate of* BENJAMIN S. MUSGRAVE, *deceased.*

A Surrogate, fixing the penalty of a bond to be exacted from the recipient of ancillary letters, under Code Civ. Pro., § 2699, may, in ascertaining the amount "which appears to be due from the decedent to residents of the State," ignore a disputed claim which is not shown to be probably enforceable.

As to whether Code Civ. Pro., § 829 is applicable to the proofs submitted by an alleged creditor for the purpose of enabling the Surrogate to fix such penalty—*quære.*

MOTION by Arthur Terry, an alleged creditor of decedent to compel Lucy E. Musgrave, to whom ancillary letters testamentary had been issued, under decedent's will, to give an official bond.

E. R. TERRY, *for petitioner.*

B. C. CHETWOOD, *for executrix.*

THE SURROGATE.—In the papers submitted upon this motion, the petitioner's claim to be a creditor of

the estate is substantiated by no other evidence than his own statements of personal transactions between himself and the decedent. It is insisted that these statements are insufficient to establish, *prima facie,* his claim, and, indeed, that they are altogether incompetent under § 829 of the Code of Civil Procedure. It is urged in opposition that § 829 is not applicable to proceedings like the present. Even if the latter contention is correct, I am inclined to think that the Surrogate, in ascertaining the amount " which appears to be due from the decedent to residents of the State," may properly ignore disputed claims when it is not shown that they are probably enforceable. Now, the claim of this petitioner must ultimately be defeated unless he has other evidence in its support than is here presented. If he can produce other evidence, he may make that fact manifest; otherwise his application must be denied.